# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Patricia Sessa,

               Plaintiff,

                            Case No. 1:24-cv-3584-MLB

v.

Publix Super Markets, Inc.,

               Defendant.

_____/

## OPINION & ORDER

This slip-and-fall case is before the Court on Defendant Publix Super Markets, Inc.'s ("Publix") Motion for Summary Judgment (Dkt. 36). For the reasons discussed below, the Court **GRANTS** that motion.

## I.  Background

On November 7, 2022, Plaintiff Patricia Sessa visited a Publix grocery store in Woodstock, Georgia.[1]  (Dkt. 36-1 ¶ 1.)  As she walked

---

[1] The Court uses the parties' facts as follows.  When a party does not dispute an asserted fact (or part of a fact), the Court accepts it.  When a party disputes an asserted fact, the Court reviews the record.  If the denial lacks merit, or someone improperly objects, the Court accepts the

through the back aisle of the store, she fell.  (*Id.* ¶ 3.)  Plaintiff testified she did not see any hazard on the floor either before or after the fall.  (*Id.* ¶ 10.)  About 30 seconds before Plaintiff fell, Grocery Manager Travis Pelt had walked through the back aisle of the store, taking the same route as Plaintiff and passing directly over the spot where she fell.  (*Id.* ¶ 4.)  Pelt testified he did not see any liquid on the floor.  (*Id.* ¶ 6.)  Nicholas Caporrino, an employee who was stocking items near the same spot, was the first to help Plaintiff.  (*Id.* ¶ 7.)  Caporrino also testified he did not see any liquid on the floor.  (*Id.* ¶ 8.)  Within minutes of Plaintiff's fall, Meat Manager Allen Westberry, Produce Manager Linda Dart, Deli Manager John Branagan, and Customer Service Manager Elizabeth Arnold went to where Plaintiff fell.  (*Id.* ¶ 11.)  They all testified they saw no liquid on the floor.  (*Id.* ¶ 12.)

Plaintiff sued Publix for negligence, and Publix moves for summary judgment.  (Dkts. 1, 36.)

## II.    Legal Standard

Summary judgment is appropriate when "the movant shows that

fact.  If an asserted fact is immaterial, a legal conclusion, or set forth only in a party's brief, the Court excludes it.  LR 56.1.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The nonmoving party then has the burden of showing summary judgment is improper by coming forward with "specific facts" demonstrating a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021).

## III. Discussion

Under Georgia law, an owner or occupier of land has a duty to exercise ordinary care in keeping the premises safe for invitees. O.C.G.A. § 51-3-1. A property owner, however, "is not an insurer of the safety of its invitees," and the "mere occurrence of an injury does not create a presumption of negligence." *Kennestone Hosp. v. Harris*, 285 Ga. App. 393, 393-94 (2007). "Rather, an invitee seeking to recover for slip and fall

injuries must prove '(1) that the defendant had actual or constructive knowledge of [a] hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.'" *Sherrod v. Triple Play Cafe, LLC*, 285 Ga. App. 689, 689 (2007) (quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (Ga. 1997)).

The threshold point of inquiry in a slip and fall case is the "existence of a hazardous condition on the premises." *Glynn–Brunswick Mem'l Hosp. Auth. v. Benton,* 693 S.E.2d 566, 568 (Ga. App. 2010). "[W]hen the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery." *Taylor v. Thunderbird Lanes, LLC*, 748 S.E.2d 308, 311 (Ga. App. 2013). "Merely stating that a condition is dangerous does not constitute evidence that it is so." *Ford v. Bank of Am. Corp.*, 627 S.E.2d 376, 378 (Ga. App. 2006). So, where the question of whether an allegedly hazardous condition existed and caused the plaintiff's injuries "remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." *Hayes v. SNS Partnership, LP*, 756 S.E.2d 273, 276 (Ga. App.

2014); *see also Metts v. Wal-Mart Stores*, 604 S.E.2d 235, 237 (Ga. App. 2004) ("Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger."); *Weldon v. Del Taco Corp.*, 390 S.E.2d 87, 88 (Ga. App. 1990) ("[P]roof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.").

Publix moves for summary judgment, saying Plaintiff cannot demonstrate a genuine issue of material fact from which a jury could conclude either the existence of a hazardous condition or that Publix had actual or constructive knowledge of the condition. (Dkt. 36-1 at 1–2.) Plaintiff counters, arguing "circumstantial evidence" creates a genuine issue as to the existence of a hazardous condition and "inconsistencies" in the testimony of Publix employees create a genuine issue regarding Publix's knowledge of the condition. (Dkt. 48 at 6–7.) The Court disagrees with Plaintiff.

Plaintiff has shown only that she fell. She could not say what caused her fall and (even afterwards) saw nothing on the floor. (Dkt. 49 ¶¶ 9–10.) No one else saw anything on the floor. Without direct evidence of some spill, Plaintiff says she relies on circumstantial evidence that

"strongly supports the conclusion that a hazardous condition existed causing Plaintiff to fall." (Dkt. 48 at. 6.) Specifically, she says she "discovered a wet spot that was approximately the size of a baseball just above her right knee immediately after the fall." (*Id.*) She says this fact alone raises a genuine issue of material fact regarding the existence of a hazard on the floor.

That testimony is not properly before the Court. Publix did not include Plaintiff's testimony regarding the "wet spot" in its Statement of Undisputed Facts, and Plaintiff failed to file a statement of additional facts. *See* L.R. 56.1(B). The testimony only appears in Plaintiff's response to Publix's statement of undisputed material facts. (Dkt. 49 ¶ 10 ("Plaintiff did not see any liquid on the floor, either before or after the incident. RESPONSE: Admitted. However, Plaintiff described that her clothing was wet as a result of falling in the liquid on the ground.").) Under Local Rule 56.1(B), the Court "*will not* consider any fact" not set out in either the movant's statement of undisputed facts or the non-movant's statement of additional facts. Facts *only* raised in a response

to a statement of undisputed facts are not properly before the Court.[2] That's fair since a party may not reply to that response. Because Plaintiff did not put her testimony regarding the "wet spot" before the Court, the Court will not consider it.

Plaintiff alternatively suggests in passing that a hairpin might have been a "hazardous condition" that caused her fall. (Dkt. 48 at 6.) That fact also is not before the Court. References to a hairpin appear only in Publix's summary judgment brief (Dkt. 36-2 at 4) and Plaintiff's response brief (Dkt. 48 at 6)—neither of which is a proper vehicle for presenting a fact for summary judgment under Local Rule 56.1(B). *See*

---

[2] *See Sumbak v. Eaton Corp.*, 2021 WL 1521988, at *12 n. 12 (N.D. Ga. Jan. 12, 2021) ("Plaintiff mentions this fact in [his response to defendant's statement of undisputed facts], but that does not bring the fact properly before the Court in accordance with the Local Rules."); *S.E.C. v. Mannion*, 2013 WL 1291621, at *11 n.20 (N.D. Ga. Mar. 25, 2013) ("[Plaintiff] mentions this [fact] only in response to certain paragraphs of [defendant's statement of undisputed facts], and solely to dispute the accuracy of those paragraphs. Defendants have been denied the opportunity to fully respond to this factual assertion. … This factual assertion does not appear in any statement of material facts and is not properly before the Court."); *see also Solito v. Sam's E. Inc.*, 2025 WL 2889206, at *1 (N.D. Ga. Mar. 31, 2025) ("By not filing a separate pleading to assert these facts, [plaintiff] deprived [defendant] of its right to respond to the facts and evidence—a right protected by Local Rule 56.1(B)(3).")

L.R. 56.1(B)(1) ("[T]he Court will not consider any fact … set out only in the brief and not in the movant's statement of undisputed facts [or the non-movant's statement of additional facts.]")  The Court cannot consider testimony regarding the hairpin.

Although Plaintiff does not raise the point herself, the Court notes that the only testimony regarding a potentially hazardous condition before the Court is Plaintiff's denial that she tripped on anything other than a liquid.  (Dkt. 36-5 at 5) ("Q: Did you trip over anything other than … a liquid? … A: No. Not at all. No.")  This testimony appears in Publix's statement of undisputed facts.  (Dkt. 36-1 ¶ 9.)  But it does not raise an issue of fact from which a jury could conclude she slipped on some liquid. That's because Plaintiff's counsel asked that question to confirm Plaintiff had not slipped on some other foreign object.  He clarified his question, saying "let me clarify . . . a banana peel, a rock, a stick, anything like that."  (Dkt. 36-5 at 5.)  And Plaintiff said "no not at all"—meaning she had not tripped on those things.  (*Id*.)  Counsel then clarified further that she had not tripped over her own foot or leg.  (*Id*.)  So this evidence shows the absence of any object that caused her to fall, not affirmative evidence she slipped on some liquid.  Plaintiff cannot create a genuine issue of

8

material fact as to the existence of a liquid from a statement denying anything else caused her to fall. And, even if this testimony could be considered evidence that she slipped on a liquid, Plaintiff's unsupported statement regarding what *might* have caused her fall—in the absence of evidence as to what it was—is insufficient to create a genuine dispute of material fact. *See Pandya v. Marriott Hotel Servs., Inc.*, 552 F. Supp. 3d 1364, 1380 (N.D. Ga. 2021) ("[S]peculation as to what may have caused a fall is not sufficient to create a genuine issue of material fact to withstand summary judgment."); *Shinn v. AMF Bowling Ctr., Inc.*, 2008 WL 687324, at *5 (N.D. Ga. Mar. 11, 2008) ("Plaintiff has not pointed to any evidence that identifies what he fell on or what caused him to fall, if anything. The fact that Plaintiff believes he fell on something slippery … is insufficient evidence [to create a genuine issue of fact].") All six Publix employees who assisted Plaintiff after her fall testified that they did not see liquid on the floor; Plaintiff herself testified that she never saw liquid; and the video footage shows no visible liquid on the floor. (Dkt. 36-1 ¶¶ 3, 6, 8, 10, 12.) Given the substantial weight of evidence to the contrary, no reasonable jury could conclude a hazardous condition existed based solely on Plaintiff's lone, conclusory statement.

Even if Plaintiff could get past the threshold question of whether there was a hazard on the floor, her claim would still fail because she presents no evidence from which a jury could conclude Publix had actual or constructive knowledge of the hazard. *See Sherrod*, 285 Ga. App. at 689. Once more, Plaintiff did not file a statement of additional facts, and nothing in Publix's statement of undisputed facts suggests it had any such knowledge. The only relevant evidence before the Court shows grocery manager Travis Pelt inspected the area in which Plaintiff fell about 30 seconds before she fell and did not see any liquid—thus precluding actual knowledge. (Dkt. 36-1 at 2.) And to show constructive knowledge, Plaintiff must present proof of the length of time the hazard was on the floor. But she failed to include such evidence in a statement of undisputed facts—so no jury could find constructive knowledge.

## IV. Conclusion

The Court **GRANTS** Publix's Motion for Summary Judgment (Dkt. 36). The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 21st day of November, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE